IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIN CHUN CHUNG, ) | |
| ) | CIVIL ACTION |
| ) | FILE NO. 1:11-CV-2131-ODE |
| Plaintiff, ) | |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| JP MORGAN CHASE BANK, N.A. ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| ) | |
| JPMORGAN CHASE BANK, N.A., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| v. ) | |
| ) | |
| KAM BIU CHAN, ) | |
| ) | |
| Third-Party Defendant. ) | |
| _____ | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION AS TO PLAINTIFF'S CLAIMS FOR CONVERSION**

COMES NOW, Plaintiff Kin Chun Chung ("Plaintiff" or "Chung"), by and through undersigned counsel, and pursuant to Local Rule 7.2(E) hereby files her

1

Motion for Reconsideration solely with respect to this Court's grant of summary of judgment on Plaintiff's conversion claims (*DE* 101).

## INTRODUCTION

On September 24, 2013 this Court issued an order granting in part and denying in part, Defendant JPMorgan Chase Bank, N.A.'s ("Chase" or "Defendant") Motion for Summary Judgment. This motion is limited solely to the Court's ruling on the conversion claims. Specifically, the Court may have inadvertently failed to examine or rule upon certain of Plaintiff's conversion claims. Given the significance of these claims, along with the interests of judicial economy, Plaintiff feels compelled to bring this Motion for Reconsideration. Plaintiff understands that Motions for Reconsideration should not be utilized except in rare cases; however, Plaintiff respectfully asserts that this is such a rare occasion and will accordingly be brief with the Court's time.

## CONVERSION CLAIMS

As the Court correctly notes in its Order, Plaintiff advanced conversion claims based on three separate theories: (1) Chase's failure to apply the payments to her account; (2) the loss of household appliances and "irreplaceable items" pursuant to the foreclosure sale; and (3) the assessment of improper fees to the Plaintiff's account.

(Second Am. Compl. ¶¶ 69-71.)  The Court's ruling on the second class of conversion claims is not addressed in this motion; instead, Plaintiff respectfully asks the court to review the first and third class of claims.  Because the Court appears to have inadvertently omitted its analysis on the third type of conversion claims, Plaintiff begins with those claims first.

### Improper fees assessed by Chase against Plaintiff's account

Although at the outset of its opinion the Court initially recognized this class of claims (as noted above), the Court's analysis of Plaintiff's conversion claims is confined solely to the misapplied payments and the household possessions.  (*See DE 101*, p. 18-20).  The Court does not appear to reach an analysis or conclusion as to the viability of Plaintiff's claim as it relates to the improper fees.  Notwithstanding, Plaintiff alleges that Chase imposed a number of improper fees to her account.  Chase does not dispute that these fees were imposed, only that such fees were justified by Plaintiff's alleged failure to include her payment coupons.  The Court specifically rejected this argument in denying Chase's summary judgment motion as it related to Plaintiff's breach of contract and wrongful foreclosure claims.

Georgia law, specifically in the context of lender-debtor relationships, has repeatedly recognized that the imposition of improper fees gives rise to a colorable

conversion claim. *See Blackburn v. BAC Home Loans Servicing, LP*, 4:11-CV-39, 2012 WL 6726588 (M.D. Ga. Dec. 27, 2012) (denying summary judgment on conversion claims and <u>emotional damages</u> where lender allegedly assessed fees to the borrower's account and failed to properly credit payments); *see also Rourk v. Bank of America*, 4:12-CV-42, 2012 WL 3745953 (M.D. Ga. Aug. 28, 2012); *James v. Litton Loan Servicing, LP*, 4:09-CV-147, 2011 WL 59737 (M.D. Ga. Jan. 4, 2011).

In *Blackburn*, the Court allowed the conversion claim to continue for purpose of emotional damages even though Bank of America eventually fixed the problem. *See Blackburn*, at *8-12. Even a cursory look at the facts of the instant litigation yields the obvious conclusion that Plaintiff's conversion claims are far more serious and far more plentiful. Moreover, unlike Bank of America who actually fixed the problem in *Blackburn*, Chase <u>still</u> brazenly refuses to remedy the situation. This, of course, smacks of intentional conduct.

Chase's rationale on the conversion claim is predicated on their argument that they were entitled to refuse to credit Plaintiff's loan; entitled to assess an assortment of fees; and entitled to take her possessions (along with her home) in the foreclosure; and entitled to keep this property after Plaintiff demanded its return. This entire

argument is based solely upon Chase's obviously incorrect assumptions regarding the mortgage statements which this Court has rejected.

Georgia law is quite clear that assessing improper fees to a debtor's account gives rise to a conversion claim. Moreover, Plaintiff was not required to demand that Chase credit her account. Demand and refusal is only necessary when the defendant lawfully came into possession of the property. *See Williams v. National Auto Sales, Inc.*, 287 Ga. App. 283, 651 S.E.2d 194, 197 (Ga. Ct. App. 2007) (overruling the trial court's conclusion that a demand was necessary).

In the instant case, the Court appears to have inadvertently overlooked Plaintiff's conversion claims based on the improper fees. Because such a claim is firmly entrenched in Georgia law, Plaintiff respectfully requests that this Court reverse its order granting summary judgment against Plaintiff on her conversion claims.

## Misapplied payments

With respect to the conversion claim based on Chase's failure to apply payments to her account, this Court found a distinction between Plaintiff asking for the actual return of the payments and Plaintiff simply requesting that Chase properly credit her account. The Court's order reads as follows:

> **"Chase's failure to apply the payments to the Plaintiff's account did not constitute conversion. Chase lawfully came into possession of the payments. The Plaintiff is not alleging that she asked Chase to return the money. She is alleging that she asked Chase to acknowledge that it satisfied her payment obligations." (*DE* 101, p.19).**

Initially it's worth noting that Chase itself never attempted to make this distinction in their Motion for Summary Judgment. (*See DE* 87, p. 17). Additionally, and with all due deference to the Court, Plaintiff disputes that this is a distinction at all, much less a cognizable distinction under Georgia law.

As an initial matter the Court does not cite any caselaw to support differentiating between a request to return the payment versus a request to properly credit the payment. Plaintiff's review of relevant caselaw on conversion in the lender-borrower context, including those cases cited in Plaintiff's Response to Chase's Motion for Summary Judgment, does not reveal a single case making such a distinction. *See e.g. Blackburn v. BAC Home Loans Servicing, LP*, 4:11-CV-39, 2012 WL 6726588 (M.D. Ga. Dec. 27, 2012) (recognizing the viability of conversion claims and <u>emotional damages</u> where lender allegedly assessed fees to the borrower's account and failed to properly credit payments); *see also Rourk v. Bank of America*, 4:12-CV-42, 2012 WL 3745953 (M.D. Ga. Aug. 28, 2012); *James*

*v. Litton Loan Servicing, LP*, 4:09-CV-147, 2011 WL 59737 (M.D. Ga. Jan. 4, 2011).

In another case in the Middle District of Georgia the court rejected a conversion claim noting that Plaintiff failed to allege requests for the bank to properly credit the payments. *McGinnis v American Home Mortgage Servicing, Inc.*, 5:11-CV-284 (CAR), 2012 WL 426022 at *6; *see also Johnson v. CitiMortgage, Inc.* 351 F.Supp.2d 1368 at 1372 (N.D.Ga.2004) (finding that a bank's refusal to properly apply funds to a plaintiff's account, as plaintiff had repeatedly requested, was evidence of conversion, even though the bank was in lawful possession of the property).   Here, there is ample evidence before the Court that Plaintiff directed Chase to properly credit her payments.

Simply put, Georgia law does not recognize the distinction pronounced by this Court pursuant to Chase's Motion for Summary Judgment.  Ultimately a request to credit a payment is tantamount to a request to return the money.  By way of analogy, if this case proceeds to trial on Plaintiff's wrongful foreclosure claim, Plaintiff will be entitled to the difference between the value of her home and the amount owed to Chase.  In that respect the misapplied payments would not be cognizable damages at all since Chase never applied them.  How incongruent would it be if Chase is allowed to essentially "pocket" payments and avoid liability for those actions

7

altogether. Respectfully, as evidenced by the cases cited above, that is not the law in Georgia.

WHEREFORE, Plaintiff respectfully requests that this Court reconsider its previous ruling and deny Chase's Motion for Summary Judgment on Plaintiff's conversion claims.

Dated this the 1st day of October, 2013.

                                      **/s/ Aaron M. Clark**
                                      Georgia Bar No. 295700
                                      *Counsel for Plaintiff*
                                      KAN & CLARK, LLP
                                      2849 Paces Ferry Rd, Suite 640
                                      Atlanta, GA 30339
                                      Tel.: 404.291.5195
                                      Fax: 404.393.0902

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

**/s/ Aaron M. Clark**
Georgia Bar No. 295700

## CERTIFICATE OF SERVICE

This will certify that I have this day electronically filed the within and foregoing **Plaintiff's Motion for Reconsideration of the Court's Order Granting Defendant's Summary Judgment Motion as to Plaintiff's Claims for Conversion** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Joseph D. Wargo
Jessica Casey
Shannon McGinnis
Wargo & French
999 Peachtree St. NE, 26th Floor
Atlanta, Georgia 30309

Dated this 1st day of October, 2013.

**/s/ Aaron M. Clark**
Georgia Bar No. 295700